JAMES H. PETERS v. THE TOWNSHIP OF WARREN.

*Schools and school-districts—Special meeting of electors—Notice.*

A notice of a special school meeting, which states that the meeting is called "for the purpose of taking a vote upon the question of building a new school-house, and such other questions as are necessarily related to the building of said school-house," is in effect a notice to the electors that, when assembled, they are to vote whether they will erect a new school-house, and whether they will raise the necessary funds by a direct tax or by the issue of bonds, the only methods provided by law for that purpose, and is a sufficient compliance with How. Stat. § 5047, which provides that no business shall be transacted at a special school meeting unless the same be stated in the notice calling the meeting.

Error to Midland. · (Hart, J.)    Argued November 22, 1893.    Decided December 4, 1893.

*Assumpsit.*    Defendant brings error.    Reversed, and judgment entered for defendant.    The facts are stated in the opinion.

*Edwin Dawe, W. D. Gordon,* and *Watts, Bean & Smith,* for appellant.

*Wheaton & Sheldon,* for plaintiff.

GRANT, J.   This action is brought to recover $147.30 of
a special school tax paid by the plaintiff under a written
protest.   The tax was voted at a special school meeting of
district No. 1 of defendant township, for the erection of
a school-house.   The principal question is whether the
notice of the special meeting was broad enough to include
the voting of money for that purpose.

At the annual school meeting, held September 7, a reso-
lution was offered to bond the district for $5,000 to pro-
cure a site and build a school-house, but was not carried,
and the meeting adjourned.   On September 10 of the same
year a special meeting was called by the school board, for
the purpose of taking a vote to raise the necessary money
to carry on the school the ensuing year, and "also for the
purpose of taking a vote upon the question of building a new
school-house, and such other questions as are necessarily related
to the building of said school-house."   The electors met
pursuant to this notice, and voted a direct tax of $2,000
to apply towards the building of the school-house.

Section 5047, How. Stat., provides:

"But no special meeting shall be called unless the busi-
ness to be transacted may lawfully come before such meet-
ing, and no business shall be transacted at a special meeting
unless the same be stated in the notice of said meeting."

The court instructed the jury that the notice was insuffi-
cient, and directed a verdict for the plaintiff.

Liberal rules of interpretation must be applied to these
notices, and if they be such as, under a fair construction,
to give notice to the electors of the purpose for which the
meetings are called, they must be held sufficient.   The nec-
essary funds for the erection of a school-house can only be
raised in two ways, viz., by direct tax or the issue of bonds.
This the electors of the district were presumed to know.
There is no room for holding that they could have been
misled by this notice.   The electors were notified that,

when assembled, they were to vote whether they would erect a new school-house, and whether they would raise the necessary funds in either of the two methods provided by law for that purpose. It would be a reflection upon the intelligence of the electors of the district to hold that they did not understand the purposes for which they were called together.

Judgment reversed, and entered in this Court for the defendant, with the costs of both courts.

The other Justices concurred.